1  WILLIAMS, KASTNER & GIBBS PLLC
   Theresa H. Rava, SBN 272343
2  trava@williamskastner.com
3  601 Union Street, Suite 4100
   Seattle, WA  98101
4  Telephone:  (206) 628-6600
   Fax:  (206) 628-6611
5
6  *Attorneys for Plaintiffs F-19 Holdings, LLC
   and F19 Franchising, LLC*
7

8              **UNITED STATES DISTRICT COURT**

9          **CENTRAL DISTRICT OF THE STATE OF CALIFORNIA**

10

| | |
|---|---|
| F-19 HOLDINGS, LLC, a Delaware limited liability company, and F19 FRANCHISING, LLC, a California limited liability company, | NO. |
| Plaintiffs, | **Complaint for:** |
| v. | 1. **Trademark Infringement, 15 U.S.C. § 1114** |
| ENDO FITNESS LL, LLC, a California limited liability company, ENDO FITNESS 3, LLC, a California limited liability company, ENDO FITNESS, LLC, a California limited liability company, ROBERT RODGER, individually, PAUL RICE, individually, PAUL INFALD, individually, and ADAM OSBORN, individually, | 2. **Common Law Trademark Infringement** |
| | 3. **Trademark Infringement, Cal. Bus. & Prof. Code § 14245** |
| | 4. **Trade Dress Infringement, 15 U.S.C. § 1125** |
| | 5. **Unfair Competition, 15 U.S.C. § 1125(a)** |
| Defendants. | 6. **Unfair Competition Cal. Bus. & Prof. Code § 17200, et seq.** |
| | 7. **Unjust Enrichment and Constructive Trust** |

_____
**COMPLAINT**

7694109.1

1  Plaintiffs F-19 Holdings, LLC ("Holdings") and F19 Franchising, LLC
2  ("Franchising"), by their attorneys, bring this Complaint against defendants Endo Fitness 3,
3  LLC, Endo Fitness, LLC, Robert Rodger, Paul Rice, Paul Infald, and Adam Osborn
4  (collectively "Defendants") as follows:

## I. PARTIES

1. Plaintiff Holdings is a Delaware limited liability company with its principal place of business at 14670 NE 8th Street, Suite 205, Bellevue, WA 98007. Holdings is the owner of the trademarks, service marks, logos, emblems, trade dress, and trade name for "Fitness 19" and related marks (the "Marks").

2. Plaintiff Franchising is a California limited liability company with its principal place of business at 14670 NE 8th Street, Suite 205, Bellevue, WA 98007. Franchising is the franchisor to approximately 91 franchised Fitness 19 fitness clubs in the United States. Holdings licenses the right to use and sublicense the Marks to Franchising in connection with its role as franchisor to those franchise agreements. Collectively, Holdings and Franchising are referred to as F-19.

3. Defendant Endo Fitness LL, LLC ("Endo LL") is a California limited liability company doing business in San Bernardino County. Endo LL, located at 45 South Arroyo Parkway, Pasadena, California 91105, is wholly owned by Endo Fitness, LLC. Endo LL is advertising the opening of a Fitness 19 fitness club located at 25586 Barton Road, Loma Linda, California under the Marks without a license (the "Loma Linda Gym").

4. Defendant Endo Fitness 3, LLC ("Endo 3") is a California limited liability company doing business in Santa Clara County. Endo 3, located at 45 South Arroyo Parkway, Pasadena, California 91105, is wholly owned by Endo Fitness, LLC. Endo 3 owns and operates a fitness club at 3055 Meridian Avenue, San Jose, California under the Marks without a license (the "San Jose Gym"). The Loma Linda Gym and the San Jose Gym are collectively the "Infringing Gyms."

5. Defendant Endo Fitness, LLC ("Endo") is a California limited liability company doing business in Santa Clara County at 45 South Arroyo Parkway, Pasadena, California

---

**COMPLAINT**

1  91105. Endo wholly owns Endo LL and Endo 3 and at least twelve other limited liability
2  companies that own and operate Fitness 19 fitness clubs. Endo manages these Fitness 19
3  fitness clubs.

4       6.        Defendant Robert Rodger is an individual residing in California and a member
5  of Endo. Rodger has personally guaranteed Endo LL's obligations. Pursuant to Endo LL's First
6  Supplement to FRCP 26(a) Initial Disclosures in Case No. Case No. 2:22-cv-03124-MEMF,
7  Rodger's address is 45 South Arroyo Parkway, Pasadena, California 91105. On information
8  and belief, Rodger has personally guaranteed Endo 3's obligations. Rodger, directly or
9  indirectly, manages Endo LL, Endo 3, and Endo.

10       7.        Defendant Paul Rice is an individual residing in California and a member of
11  Endo. Rice has personally guaranteed Endo LL's obligations. Pursuant to Endo LL's First
12  Supplement to FRCP 26(a) Initial Disclosures in Case No. Case No. 2:22-cv-03124-MEMF,
13  Rice's address is 45 South Arroyo Parkway, Pasadena, California 91105. On information and
14  belief, Rice has personally guaranteed Endo 3's obligations.

15       8.        Defendant Paul Infald is an individual residing in California and a member of
16  Endo. Infald has personally guaranteed Endo LL's obligations. Pursuant to Endo LL's First
17  Supplement to FRCP 26(a) Initial Disclosures in Case No. Case No. 2:22-cv-03124-MEMF,
18  Infald's address is 45 South Arroyo Parkway, Pasadena, California 91105. On information and
19  belief, Infald has personally guaranteed Endo 3's obligations.

20       9.        Defendant Adam Osborn is an individual residing in California and a member of
21  Endo. Osborn has personally guaranteed Endo LL's obligations. Pursuant to Endo LL's First
22  Supplement to FRCP 26(a) Initial Disclosures in Case No. Case No. 2:22-cv-03124-MEMF,
23  Osborn's address is 45 South Arroyo Parkway, Pasadena, California 91105. On information and
24  belief, Osborn has personally guaranteed Endo 3's obligations.

25       10.      Rodger, Rice, Infald, and Osborn, either directly or indirectly are the sole
26  members of Endo.

27
28

**COMPLAINT**

7694109.1

11. F-19 does not know the names and/or capacities of Defendants DOES 1-5. F-19 will seek leave of court to amend this complaint to state their names after the names are ascertained.

12. On information and belief, Endo 3, Endo, Rodger, Rice, Infald, Osborn, and DOES 1-5 are the alter egos of one another.

## II. JURISDICTION

13. This action arises under the Lanham Act, U.S.C. § 1051 *et seq*. and common law.

14. The causes of action alleged herein arise under federal statutes regarding trademarks, i.e., 15 U.S.C. §§ 1051 et seq. (the Lanham Act), so this Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b). This Court also has supplemental jurisdiction over any related state law claims pursuant to 28 U.S.C. § 1367. This Court also has jurisdiction under 28 U.S.C. § 1332(a).

15. Personal jurisdiction and venue are proper in this Court pursuant to 28 U.S.C. § 1391.

16. To preserve judicial resources and to avoid splitting claims between multiple courts, in addition to its Lanham Act claims arising under federal law, F-19 brings other claims related to Defendants' infringement and business practices pursuant to the supplemental jurisdiction of this Court.

17. Venue and jurisdiction are proper in this Court under 28 U.S.C. § 1391 because Defendants Endo, Endo LL, Rodger. Rice, Infald, and Osborn reside in this District and a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district.

## III. FACTS

**A.  Pending Action in the U.S. District Court Central District of California**

18. On March 29, 2022, Endo LL filed a declaratory relief action against Holdings and Franchising in the Superior Court, County of Los Angeles. The case was removed to the

---

**COMPLAINT**

7694109.1

U.S. District Court, Central District of California, Case No. 2:22-cv-03124-MEMF (the "Endo LL Complaint."). The Endo LL Complaint is attached as Exhibit A.

19. In the complaint, Endo LL "seeks a declaration that Plaintiff has a valid defense of naked licensing, abandonment and/or estoppel, to a claim of infringement by either or both Defendants, against Plaintiff from using Fitness 19 or F19 or similar words and phrases to identify the fitness gym Plaintiff is developing." (Endo LL Complaint, ¶ 19.)

20. In the complaint, Endo LL alleged, "Plaintiff expects preparations, construction, equipping and obtaining permits will be completed by approximately December 2022 and the gym will be ready to open about that time." (Endo LL Complaint, ¶ 11.)

21. Endo LL further alleged, "Plaintiff wishes and intends to identify the gym as Fitness 19 and F19 and similar names without regard for consent from Defendants." (Endo LL Complaint, ¶ 21.)

22. At the time Endo LL filed the complaint, Endo LL was not yet advertising or operating the Loma Linda Gym.

23. However, as discussed below, in or around November 2022, Endo, Endo LL, Rodger, Rice, Infald, and Osborn began advertising that a Fitness 19 gym is "COMING SOON" in Loma Linda. Thus, Endo, Endo LL, Rodger, Rice, Infald, and Osborn are now using the Marks to advertise the opening of the Loma Linda Gym, and thus, infringing on Holdings intellectual property rights.

**B.     The Fitness 19 System**

24. The Fitness 19® brand was founded in 2002 by fitness industry veterans who believed that the traditional health club model wasn't meeting the needs of most people. They opened the initial Fitness 19 fitness club to give customers more of what they really want out of a fitness membership. The result is a simple fitness club concept – an extremely affordable, family-friendly facility that offers state-of-the-art cardio, strength, and free weight equipment. Importantly, the business model is such that Fitness 19 clubs offer high quality equipment and instruction without requiring long-term contracts.

---
**COMPLAINT**

7694109.1

25. The Fitness 19 system has developed programs by which personal trainers provide:

- One-on-one instruction
- Goal specific program designs
- Exciting new workout trends
- Sports specific training
- Senior and Youth programs available.

26. There are approximately 79 Fitness 19 fitness clubs located throughout the country, including 34 Fitness 19 clubs in this judicial district.

**C.    The Fitness 19 Name, Marks, and Trade Dress**

27. To identify the source, origin, and sponsorship of Fitness 19 fitness clubs, and to distinguish those products and services offered and sold by others, F-19, their affiliates, and authorized franchisees, affiliates, and subsidiaries that operate Fitness 19 fitness clubs have extensively used the Marks in connection with the operation of authorized Fitness 19 fitness clubs.

28. Holdings is the owner of the Marks, Holdings licenses the Marks to Franchising, which in turn sublicenses them to authorized Fitness 19 franchisees for use solely in connection with their operation of franchised Fitness 19 fitness clubs pursuant to written franchise agreements with Franchising.

29. Holdings has registered certain of its Marks with the United States Patent and Trademark Office (the "USPTO"), including U.S. Registration No. 2,863,684 ("FITNESS 19") (the "'684 Registration"). Attached hereto as Exhibit B is a true and correct copy of the '684 Registration, which is hereby incorporated by reference. The '684 Registration is in full force and effect and is incontestable pursuant to 15 U.S.C. § 1065. The '684 Registration is *prima facie* evidence of the validity of the registration and Holdings' ownership of the mark "FITNESS 19" in connection with fitness and health center services, as provided in 15 U.S.C. §§ 1057(b) and 1115(a).

30. F-19 has given notice to the public of the registration of the FITNESS 19 mark as provided in 15 U.S.C. § 1111 and complies with all legal requirements to ensure that F-19 and authorized Fitness 19 franchisees, affiliates, and subsidiaries remain the exclusive users of the Marks.

31. Holdings claims common law rights to its Marks, including those service marks that relate to those certain federal applications pending with the USPTO: (i) U.S. Serial No. 97/241,815 ("FITNESS 19" and design); and (ii) U.S. Serial No. 97/241,804 ("19").

32. F-19 and authorized Fitness 19 franchisees, affiliates, and subsidiaries have continuously used the Marks in interstate commerce in connection with the operation of Fitness 19 fitness clubs and the promotion, offer, and sale of products and services they offer throughout the United States since 2002.

33. F-19 and authorized Fitness 19 franchisees, affiliates, and subsidiaries have extensively advertised and promoted the Marks and the products and services offered in association with the Marks throughout the United States and though various media. As a result of such efforts and the substantial sums spent in connection therewith, the products and services offered at Fitness 19 fitness clubs under the Marks have met with widespread public approval and have established demand and goodwill among consumers throughout the United States.

34. F-19 has also developed a unique and distinctive design and décor for authorized Fitness 19 fitness clubs that has become uniquely associated in the mind of the consuming public with Fitness 19 fitness clubs.

35. All authorized Fitness 19 fitness clubs are required to comply with F-19's design and décor specifications such that there will exist system-wide uniformity in the appearance of Fitness 19 fitness clubs, thereby strengthening the association in the public's mind between that trade dress and authorized Fitness 19 fitness clubs.

36. Pursuant to those franchise agreements between Franchising and Fitness 19 franchisees, those franchisees are required to pay certain fees to Franchising. Certain of Endo's affiliates are franchisees under those franchise agreements, and thus, Endo's affiliates pay

---

**COMPLAINT**

Franchising royalties and other related fees to Franchising in partial consideration for their right to use the Marks. Defendants, however, have not signed a franchise agreement with Franchising to obtain the right to use the Marks in connection with the Infringing Gyms, and thus they've knowingly and intentionally avoided paying royalties and other fees to Franchising and continued to use the Marks.

37. F-19 is the sole and exclusive owner of its unique and distinctive trade dress for authorized Fitness 19 fitness clubs, which trade dress is nonfunctional.

**D. Prior Relationship Between F-19 and Defendants**

38. Robert Rodger, individually, through his solely owned company, ARC Consulting Group, Inc., and through his membership interest in Endo, owns, operates, and has owned and operated, approximately fourteen Fitness 19 clubs. Rodger, for himself and on behalf of ARC Consulting and Endo, has entered into franchise agreements with Franchising for each of these Fitness 19 clubs. As an owner of limited liability companies that own and operate fitness clubs operating under the Marks, Rodger is familiar with the Fitness 19 brand and franchise system and that any fitness club using the Marks must have a license to do so.

39. Paul Rice, individually, through his solely owned company, Innovative Fitness Club Consulting, Inc., and through his membership interest in Endo, owns, operates, and has owned and operated, approximately forty-five Fitness 19 clubs. Rice, for himself and on behalf of Innovative and Endo, has entered into franchise agreements with Franchising for each of these Fitness 19 clubs. As an owner of limited liability companies that own and operate fitness clubs operating under the Marks, Rice is familiar with the Fitness 19 brand and franchise system and that any fitness club using the Marks must have a license to do so.

40. Paul Infald, individually, through his solely owned companies, PGJBI, Inc. and S.I.M. Investment Corp., and through his membership interest in Endo, owns, operates, and has owned and operated, approximately twenty-nine Fitness 19 clubs. Infald, for himself and on behalf of PGJBI, S.I.M. Investment, and Endo, has entered into franchise agreements with Franchising for each of these Fitness 19 clubs. As an owner of limited liability companies that own and operate fitness clubs operating under the Marks, Infald is familiar with the Fitness 19

---

**COMPLAINT**

brand and franchise system and that any fitness club using the Marks must have a license to do so.

41. Adam Osborn, through his membership interest in Endo, owns, operates, and has owned and operated, approximately twelve Fitness 19 clubs. Osborn, for himself and on behalf of Endo, has entered into franchise agreements with Franchising for each of these Fitness 19 clubs. As an owner of limited liability companies that own and operate fitness clubs operating under the Marks, Osborn is familiar with the Fitness 19 brand and franchise system and that any fitness club using the Marks must have a license to do so.

42. As an owner of limited liability companies that own and operate fitness clubs operating under the Marks, Endo is familiar with the Fitness 19 brand and the requirement that any fitness club using the Marks must have a license to do so.

43. Rodger, Rice, Infald, and Osborn are personally guaranteeing the debts of Endo LL. On information and belief, Rodger, Rice, Infald, and Osborn are personally guaranteeing the debts of Endo 3.

44. Both Endo LL and Endo 3 are undercapitalized which suggests their survival is intertwined with Endo and Rodger, Rice, Infald, and Osborn.

45. Endo LL and Endo 3 share the same principal place of business as Endo in Pasadena, California. Endo, Endo LL, Endo 3 are all managed directly or indirectly by Rodger, who also shares the same Pasadena business address.

46. The unity of interest and ownership between Endo LL, Endo 3, Endo, and their equitable owners, Rodger, Rice, Infald, and Osborn, is so intertwined that the separate personalities of Endo LL, Endo, and the equitable owners do not in reality exist.

47. There would be an inequitable result if the acts of Endo LL and Endo 3 infringing on the Marks are treated as those of Endo LL and Endo 3 alone.

48. Endo LL's unauthorized use of the Marks in connection with the Loma Linda Gym misleads customers into believing that Endo LL is an authorized franchisee of Franchising or a licensee of Holdings.

49. Endo 3's unauthorized use of the Marks in connection with the San Jose Gym misleads customers into believing that Endo 3 is an authorized franchisee of Franchising or a licensee of Holdings.

50. Franchising has no ability to exercise control over the operating conditions in the Infringing Gyms operated by Defendants, including the sanitation, equipment quality, programs, service standards and other conditions in those stores, all of which are important in maintaining the goodwill associated with the Marks and which the consuming public relies on in doing business with franchisees' stores.

51. Defendants' unauthorized use of Marks has already caused actual harm. The Defendants have published a website at https://www.fit19.com/ which purports to be advertising services by Defendants diverting interested customers from authorized franchisee clubs. The website is composed to mimic the look and feel of the *bona fide* Fitness 19 website, https://www.fitness19.com/, owned by F-19 and used to promote the various franchisee clubs.

52. Defendants are advertising to the public on the www.fit19.com website that the Endo LL Fitness 19 club is "COMING SOON!"

53. Defendants are advertising to the public on the www.fit19.com website that the Endo 3 club is a bona fide Fitness 19 club.

54. Defendants continued unauthorized use of Marks without any oversight or control by Franchising is causing and will continue to cause F-19 irreparable harm, including but not limited to loss of the goodwill of the consuming public that the use of the Marks reflect specific and reliable standards for sanitation, equipment, quality, programs, and service standards.

55. F-19 has been, and is being, damaged by Defendants' infringement as alleged herein in ways that cannot be adequately measured or fully remedied by monetary damages.

56. Through their past and continuing relationship with Holdings and Franchising, Defendants are aware they are infringing on the Marks, but Defendants continue their unauthorized use of the Marks.

57. Defendants' continued use of Marks constitutes willful trademark infringement.

---

**COMPLAINT**

## IV.  FIRST CLAIM FOR RELIEF -- TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT

58. F-19 repeats and re-alleges herein each of the foregoing paragraphs.

59. Defendants' unauthorized use in commerce of Marks without F-19's consent is likely to confuse or deceive the public into believing, contrary to fact, that the unauthorized activities of Defendants are licensed, franchised, sponsored, authorized, or otherwise approved by F-19. Such unauthorized use of the Marks infringes the exclusive rights in its marks under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

60. The acts of Defendants were and are being done knowingly and intentionally to cause confusion, or to cause mistake, or to deceive.

61. As a result of the actions of Defendants, F-19 has suffered and unless Defendants are enjoined will continue to suffer irreparable harm.

62. Because of the actions of Defendants, F-19 has suffered and will continue to suffer and has incurred and is continuing to incur monetary damages in an amount that has yet to be determined.

63. Defendants' actions have been knowing, intentional, wanton, and willful, entitling F-19 to damages, punitive damages, profits, attorney fees, and the costs of this action.

## V.  SECOND CLAIM FOR RELIEF – COMMON LAW TRADEMARK INFRINGEMENT

64. F-19 repeats and re-alleges herein each of the foregoing paragraphs.

65. Defendants' actions in continuing to utilize, display and identify themselves with the Marks and operation of the Infringing Gyms, without the consent of F-19, constitutes infringement of the Marks under common law, and has caused and continues to cause a likelihood of confusion, mistake, and deception as to source, sponsorship, affiliation, or connection in the minds of the public.

66. By reason of the foregoing, F-19 has been injured in an amount not yet fully determined but believed to be more than the jurisdictional threshold of this court.

67. In addition, because of Defendants' acts of trademark infringement, F-19 has suffered and will continue to suffer irreparable harm, and F-19 has no adequate remedy at law

---

**COMPLAINT**

7694109.1

with respect to this injury. Unless the acts of trademark infringement are enjoined by this Court, F-19 will continue to suffer irreparable harm.

68. Defendants' actions have been knowing, intentional, wanton, and willful, entitling F-19 to damages, punitive damages, profits, attorney fees, and the costs of this action.

## VI. THIRD CLAIM FOR RELIEF – CALIFORNIA STATUTORY TRADEMARK INFRINGEMENT, CAL. BUSINESS AND PROFESSIONS CODE § 14245

69. F-19 repeats and re-alleges herein each of the foregoing paragraphs.

70. Defendants' actions in continuing to use, display and identify themselves with the Marks and operation of the Infringing Gyms, without the consent of F-19, constitutes infringement of the registered Marks and has caused and continues to cause a likelihood of confusion, in violation of Cal. Business & Professions Code § 14245.

71. By reason of the foregoing, F-19 has been injured in an amount not yet fully determined but believed to be more than the jurisdictional threshold of this court.

72. In addition, because of Defendants' acts of trademark infringement, F-19 has suffered and will continue to suffer irreparable harm, and F-19 has no adequate remedy at law with respect to this injury. Unless the acts of trademark infringement are enjoined by this Court, F-19 will continue to suffer irreparable harm.

73. Defendants' actions have been knowing, intentional, wanton, and willful, entitling F-19 to damages, punitive damages, profits, attorney fees, and the costs of this action.

## VII. FOURTH CLAIM FOR RELIEF – TRADE DRESS INFRINGEMENT

74. F-19 repeats and re-alleges herein each of the foregoing paragraphs.

75. Defendants' Infringing Gyms are identified by signs, exterior appearance, packaging, containers, and other items on which the words "Fitness 19" appear in the same lettering style and in the same distinctive color scheme that Franchising uses for the gyms operated by authorized franchisees and licensees. Similarly, Defendants have guided potential customers of the gyms belonging to gyms operated by authorized franchisees and licensees with their fit19.com website.

---

**COMPLAINT**

7694109.1

76. Defendants' unauthorized use of trade dress that is identical to the F-19 trade dress constitutes a false designation of the origin of the Infringing Gyms, which is likely to cause confusion, or to cause mistake, or to deceive the public as to the affiliation, connection, or association of their shops with the several gyms operated by Franchising's franchisees and licensees. Such adoption of F-19's trade dress violates Section 43 of the Lanham Act, 15 U.S.C. § 1125, and the common law.

77. The acts of Defendants were and are being done knowingly and intentionally to cause confusion, or to cause mistake or deceive the customers seeking gyms operated by authorized franchisees and licensees.

78. Because of the actions of Defendants, F-19 has suffered and is continuing to suffer irreparable harm and has incurred and is continuing to incur monetary damages in an amount that has yet to be determined.

79. F-19 has no adequate remedy at law. Defendants' conduct described above has caused and, if not enjoined, will continue to cause irreparable damage to the rights of F-19 and the Marks and to the business, reputation, and goodwill of F-19.

80. Defendants' actions have been knowing, intentional, wanton, and willful, entitling F-19 to damages, punitive damages, profits, attorney fees, and the costs of this action.

## VIII.  FIFTH CLAIM FOR RELIEF -- UNFAIR COMPETITION

81. F-19 repeats and re-alleges herein each of the foregoing paragraphs.

82. Defendants' unauthorized use in commerce of the Marks and without Franchising's consent is likely to confuse, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of their goods, services, or commercial activities by another person. Such unauthorized use of Marks violates Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

83. Defendants were and are being done knowingly and intentionally to cause confusion, or to cause mistake, or to deceive.

84. Because of the actions of Defendants, F-19 has suffered and is continuing to suffer irreparable harm.

**COMPLAINT**

7694109.1

85. Because of the actions of Defendants, F-19 has suffered and will continue to suffer and has incurred and is continuing to incur monetary damages in an amount that has yet to be determined.

86. Defendants' actions have been knowing, intentional, wanton, and willful, entitling F-19 to damages, punitive damages, profits, attorney fees, and the costs of this action.

### IX. SIXTH CLAIM FOR RELIEF -- UNFAIR COMPETITION UNDER CAL. BUSINESS AND PROFESSIONS CODE §§ 17200 *ET SEQ*.

87. F-19 repeats and re-alleges herein each of the foregoing paragraphs.

88. Defendants' conduct as herein alleged constitutes unfair methods of competition in violation of the provisions of Sections 17200 *et seq*. of the California Business and Professions Code.

89. Defendants' actions in continuing to utilize, display and identify themselves with the Marks and operation of the Infringing Gyms, without the consent of F-19, constitutes infringement of the registered Marks and has caused and continues to cause a likelihood of confusion in violation of both federal, common law, and state trademark protections.

90. Defendants' acts of unfair competition, F-19 has suffered and will continue to suffer irreparable harm, and F-19 has no adequate remedy at law with respect to this injury. Unless the acts of unfair competition are enjoined by this Court, F-19 will continue to suffer irreparable harm, and will further impair the value of the Marks and the reputation and goodwill the gyms operated by authorized franchisees and licensees enjoy.

91. Because of the actions of Defendants, F-19 has suffered and will continue to suffer and has incurred and is continuing to incur monetary damages in an amount that has yet to be determined.

92. Defendants' actions have been knowing, intentional, wanton, and willful, entitling F-19 to damages, treble damages, punitive damages, profits, attorney fees, and the costs of this action.

/ / /

/ / /

---
**COMPLAINT**

7694109.1

## X. SEVENTH CLAIM FOR RELIEF – UNJUST ENRICHMENT AND CONSTRUCTIVE TRUST

93. F-19 repeats and re-alleges herein each of the foregoing paragraphs.

94. As a result of Defendants' wrongful acts described above in using the Marks, which acts constitute trademark infringement, false designation of origin, and unfair competition against Plaintiffs, Defendants have collected and will continue to collect revenues and financial profits to which they are not entitled.

95. As a result of Defendants' wrongful acts described above in using the Marks, which acts constitute trademark infringement, false designation of origin, and unfair competition against Plaintiffs, Defendants have failed to pay royalties and other fees to Franchising and have retained the benefit of such non-payment of royalties and other fees.

96. Defendants have no right to receive any financial profits from their wrongful acts and have no right to retain the benefit of royalties and other fees not paid for the use of the Marks, and have been unjustly enriched at Franchising's expense. Defendants are involuntary trustees holding such profits in constructive trust for Franchising with the duty to convey the same to Franchising.

97. Franchising has no adequate remedy at law and the imposition of a constructive trust against Defendants and for the benefit of Franchising is necessary to avoid the continuing damage and harm to Franchising, and to prevent further unjust enrichment of Defendants at the expense of Franchising.

98. The amounts of revenues and profits that Defendants have unjustly earned, and to which Franchising is rightfully entitled, are presently unknown to Franchising.

/ / /

/ / /

/ / /

---

**COMPLAINT**

7694109.1

## PRAYER FOR RELIEF

Accordingly, Plaintiffs respectfully ask this Court grant judgment against Endo Fitness 3, LLC, Endo Fitness, LLC, Robert Rodger, Paul Rice, Paul Infald, and Adam Osborn as follows:

1) preliminary and permanent injunctions to immediately prevent and permanently restrain further use of Marks under 15 U.S.C. § 1116;

2) a court order that Defendants immediately remove and cease using all of the Marks from the Infringing Gyms;

3) court orders impounding all infringing articles, materials, signs, or designs;

4) a court order that Defendants be required to deliver to F-19 any and all infringing articles, materials, signs, or designs;

5) as part of any final judgment or decree, a court order mandating destruction of the infringing articles under 15 U.S.C. § 1118;

6) a court order that Defendants will cease using all telephone numbers and listings used in operating the Infringing Gyms, and take all steps necessary to remove all telephone directory and other directory listings that display any of the Marks.

7) enter a further judgement in favor of Plaintiffs enhanced damages as authorized by California common law, Bus. and Prof. Code § 14250, and any other relevant statute

8) a court order that Defendants restore and/or disgorge to Plaintiffs all money or property or other benefits gained by Defendants as a direct and proximate result of Defendants' unfair competition directed at Plaintiffs;

9) a court order ordering an accounting of profits and other damages derived from Defendants' unjust enrichment;

10) a constructive trust, for the benefit of Franchising, imposed on all profits, properties, and things of value obtained by Defendants through their wrongful acts and unjust enrichment, and an Order that Franchising be granted possession of all such profits and properties.

___

**COMPLAINT**

11) award Plaintiffs prejudgment interest in accordance with Section 35 of the Lanham Act, 15 U.S.C. § 1117 and applicable law;

12) award Plaintiffs their costs and attorneys' fees incurred in connection with this action pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117; and

13) award Plaintiffs such other relief as this Court may deem just and proper.

DATED: January 11, 2023				WILLIAMS KASTNER


						By: */s/ Theresa H. Rava*
						    THERESA H. RAVA
						*Attorneys for Plaintiffs F-19 Holdings, LLC*
						*and F19 Franchising, LLC*

---

**COMPLAINT**

7694109.1

**PROOF OF SERVICE**

(1) I, the undersigned, declare as follows: I am over the age of eighteen years and not a party to the above-captioned action; my business address is 601 Union St., Suite 4100, Seattle, WA 98101.

(2) On January 11, 2023, I caused a copy of this complaint and accompanying exhibits to be served on counsel for the above-named defendants by both email and US Mail.

(3) Contemporaneous with the service of the above Complaint by email and US Mail, I also caused individualized Notices of a Lawsuit and Request to Waive Service of Summons to be served on counsel of record for defendants.

I declare under penalty of perjury under the laws of the States of Washington and California that the foregoing is true and correct.

Signed on January 11, 2023, at Seattle, Washington.

    /s/Ryan McDade
Ryan McDade, Legal Assistant
WILLIAMS KASTNER & GIBBS, PLLC